FILED
22 NOV -1  PM 4:26
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HYDRAFLOW INDUSTRIES NZ LIMITED, § § § § § § § § § § § § | | |
| PLAINTIFF, | | |
| V. | | |
| THE INDIVIDUALS, BUSINESS ENTITIES, AND UNINCORPORATED ASSOCIATIONS INDENTIFIED ON EXHIBIT 1, | | CAUSE NO. 1:22-CV-962-LY |
| DEFENDANTS. | | |

## **PRELIMINARY INJUNCTION**

Before the court is Plaintiff Hydraflow Industries NZ Limited's request for preliminary injunction. The court conducted a hearing on November 1, 2022, at which the Plaintiff but no Defendant appeared. After considering the complaint, declarations, exhibits, all memoranda of law filed by Plaintiff, and Plaintiff's argument, the court finds a preliminary injunction shall be **GRANTED** as follows:

I.  **BACKGROUND**

Plaintiff is a creator and designer of hand-operated utensils that form, fill, and dispense sushi rolls. Plaintiff owns a copyright for the 33 photographs it uses to market these products, and Defendants allegedly use the copyrighted photographs to sell Defendants' products on online marketplaces, such as Alibaba, AliExpress, Amazon, DHgate, eBay, Joom, Shopify, Walmart, and Wish. Defendants are comprised of hundreds of online marketplace sellers, none of which have answered or otherwise appeared.

Plaintiff moved this court for an *ex parte* temporary restraining order (Doc. #3). The court granted the order and subsequently extended the order one time. The order expired on November 1, 2022.

## II. LEGAL STANDARD

A preliminary injunction is an "extraordinary remedy" and will only be granted if the movant carries its burden on all four requirements. *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008). A court may issue a preliminary injunction if the movant establishes (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) that the balance of hardships weighs in the movant's favor; and (4) that the issuance of the preliminary injunction will not disserve the public interest. *See Daniels Health Servs., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013); *Concerned Women for Am. v. Lafayette Cnty.*, 883 F.2d 32, 34 (5th Cir. 1989); *see also* Fed. R. Civ. P. 65; *Mississippi Power & Light Co. v. United Gas Pipe Line*, 760 F.2d 618, 621 (5th Cir. 1985) ("The decision to grant or deny a preliminary injunction is discretionary with the district court").

The movant must make a clear showing that the injunction is warranted, and the issuance of a preliminary injunction "is to be treated as the exception rather than the rule." *Mississippi Power*, 760 F.2d at 621. Furthermore, when a plaintiff seeks a preliminary injunction, there is a heavier burden on plaintiff to establish that injunctive relief is appropriate. *Tate v. American Tugs, Inc.*, 634 F.2d 869, 870 (5th Cir. 1981).

## III. ANALYSIS

### A. Substantial Likelihood of Success On The Merits

A plaintiff is likely to succeed on a claim for copyright infringement if the plaintiff can establish: (1) ownership in a valid copyright and (2) copying by the defendant. *See Lakedreams*

*v. Taylor*, 932 F.2d 1103, 1007–08 (5th Cir. 1991) ("To establish 'ownership,' the plaintiff must prove that the material is original, that it can be copyrighted, and that [the plaintiff] has complied with statutory formalities"). There are two ways to prove copying: (1) with proof of direct evidence of copying or (2) through circumstantial evidence demonstrating that the defendant had access to the copyrighted work and that the two works are "probatively" similar. *General Univ. Sys., Inc. v. Lee*, 379 F.3d 131, 141–42 (5th Cir. 2004). Access need not be shown in some cases where "the two works are so strikingly similar as to preclude the possibility of independent creation." *Id.* at 142.

Plaintiff's ownership of the copyright registration covering its 33 photographs establishes that the United States Copyright Office has attested to the validity of the registration, the facts stated in the corresponding certificate, and that Plaintiff is the rightful owner of the registration. *Id.* at 141.



| Plaintiff's Products & Photographs | Defendants' Products & Photographs |

Plaintiff alleges that it is clear from these pictures that the example photographs Defendants use to advertise and sell their products are substantially similar to the photographs covered by Plaintiff's copyright registration. None of the Defendants currently contest that proposition. This element weighs in favor of granting the injunction because Defendants do not dispute the substantial similarity between the photographs, and the photographs are indeed strikingly similar to one another and appear to contain no differences. Accordingly, this element favors Plaintiff.

### B. Irreparable Harm

This factor also weighs in favor of Plaintiff. When a plaintiff seeks an injunction under the Copyright Act, the plaintiff establishes a rebuttable presumption of irreparable harm when the plaintiff shows that a valid copyright has been infringed. *Dallas Cowboy Cheerleaders, Inc. v. Scoreboard Posters, Inc.*, 600 F.2d 1184, 1187 (5th Cir. 1979). However, "[i]njunctive relief rests within the equitable discretion of the district courts, and . . . such discretion must be exercised consistent with traditional principles of equity." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 394 (2006). Plaintiff also argues that the irreparable-harm element is met because Defendants' use, reproduction, and display of the photographs has harmed Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. The court recognizes that there is a risk of irreparable harm through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales, as well as the risk of Defendants transferring their assets or otherwise attempting to become judgmentproof. Therefore, irreparable harm has been established.

### C. Balancing Test

This factor also weighs in favor of Plaintiff, as Plaintiff is entitled to protect the integrity of its intellectual property and specifically its copyrighted photographs. Plaintiff continues to

suffer hardship as long as Defendants are using, reproducing, and displaying said copyrighted photographs to sell Defendants' products. Defendants will suffer minimal hardship if enjoined from further infringing on Plaintiff's copyright. Defendants have not contested this factor, and after considering Plaintiff's position, the court finds that the balancing of interests weighs in favor of Plaintiff.

### D. Public Interest

This factor additionally weighs in favor of Plaintiff, for the public interest will be served by preserving rights protected by the federal Copyright Act. Because the copyright infringement is not disputed in this case, and the protection of valid copyrights serves the public interest, this factor is established in favor of Plaintiff and against Defendants. Finding that each element is established against Defendants, the court concludes that preliminary injunctive relief is proper at this stage in the proceedings.

**IT IS THEREFORE ORDERED THAT:**

1. Defendants, their successors, affiliates, servants, officers, agents, independent contractors, and employees, and anyone acting in active concert or participation with or at the behest or direction of any of the foregoing, be preliminarily enjoined and restrained from:

    a. using, reproducing, displaying, or enabling others to use, reproduce, or display any copies or derivative works based on Plaintiff's copyrighted works, including, without limitation, the photographs appearing in Exhibit 4 of the Complaint (Plaintiff's "Photographs"), other colorable imitations of Plaintiff's Photographs, or photographs that otherwise infringe on Plaintiff's copyright registration (*See* Exhibit 3 of the Complaint, Plaintiff's "Registration");

    b. moving, relocating, or otherwise disposing of any funds currently located in Defendants' online accounts, including, without limitation, from Alibaba, AliExpress, Amazon,

DHgate, eBay, Joom, Shopify, Walmart, Wish, Alipay, PayPal, Payoneer, WorldFirst, and Western Union;

   c. removing, destroying, or otherwise disposing of computer files, electronic files, business records, or documents relating to any of Defendants' webstores, websites, assets, operations, or relating in any way to the reproduction and display of the Photographs; and

   d. engaging in any other activity that infringes on Plaintiff's rights in any manner.

  2. Each Defendant, no later than 14 days after receiving notice of this Preliminary Injunction, shall serve on Plaintiff a written report under oath providing: (a) all websites and online marketplace accounts on any platform that they own or operate; (b) all of their associated financial accounts, **including but not limited to** all Alibaba, AliExpress, Amazon, DHgate, eBay, Joom, Shopify, Walmart, Wish, Alipay, PayPal, Payoneer, WorldFirst, Western Union, etc. accounts; and (c) the steps taken by each Defendant to comply with paragraphs 1(a)–(d) above.

  3. Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily restrained and enjoined from transferring, disposing of, or secreting any money, stocks, or other assets of Defendants until further ordered by this court.

  4. All banks, savings and loan associations, payment processors or other financial institutions, including without limitation, Alibaba, AliExpress, Amazon, DHgate, eBay, Joom, Shopify, Walmart, Wish, Alipay, PayPal, Payoneer, WorldFirst, Western Union, etc. or other merchant account provider, payment provider, third party processor, credit card association (*i.e.* MasterCard and VISA) that receive payments or hold assets on Defendants' behalf, as well as any third party service providers, including without limitation, ISPs, back-end service providers, web designers, sponsored search engine or ad-word providers, shippers, domain name registrars,

domain name registries or online third-party sellers who have provided services for Defendants (all of the foregoing collectively, "Third Party Providers") and their affiliates are ordered to, within two business days of receipt of this Preliminary Injunction, locate all accounts and funds connected to the Defendants identified in Exhibit 1 of Plaintiff's Complaint, and block all money transfers and funds from being transferred by such Defendants until further ordered by this Court. Any funds currently restrained by the temporary restraining order issued in this case (Doc. #14) shall also remain thus restrained pending further order of this court.

      5.     In the preliminary-injunction hearing, Plaintiff represented to the court that it had emailed notice of the proceedings of this case—including copies of the temporary restraining order and extension order—to all Defendants except those associated with the online marketplaces Alibaba and AliExpress. *See* Fed. R. Civ. P. 65(a)(1) ("The court may issue a preliminary injunction only on notice to the adverse party.") Plaintiff shall provide notice of this preliminary injunction to Defendants by sending an email to the email addresses provided for Defendants by third parties hosting Defendants' webstores, such as AliExpress, Amazon, DHgate, eBay, Walmart, Wish, etc. Providing notice via email, along with any notice that Defendants receive from the Third-Party Providers, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of this preliminary injunction.

      6.     This Preliminary Injunction shall apply to the webstores, websites, e-commerce storefronts, and any other domain names properly brought to this court's attention and verified by sworn declaration that verifies such new webstores or domain names are being used by Defendants for the purpose of infringing Plaintiff's intellectual-property rights.

## IV. CONCLUSION

For the reasons stated, this preliminary injunction is **GRANTED** in favor of Plaintiff and against Defendants. No further bond is required other than the $10,000 bond previously posted in this proceeding (Doc. #16).

SIGNED this ___1st___ day of November, 2022.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE